# IN THE COURT OF APPEALS OF IOWA

No. 15-1407
Filed May 25, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAWN MARIE LIENAU,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cedar County, Marlita A. Greve, Judge.

        A defendant appeals her conviction alleging her counsel was ineffective. **AFFIRMED.**

        Jeffrey L. Powell of the Law Office of Jeffrey L. Powell, Washington, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Dawn Lienau pled guilty to driving while barred. She appeals her conviction asserting her counsel provided ineffective assistance. She claims by pleading guilty she is now prohibited from challenging an evidentiary ruling of the court that allowed the State to admit her certified driving record into evidence in lieu of live testimony from an employee of the department of transportation to prove she was barred from operating a motor vehicle. She claims counsel knew she wanted to appeal the district court's ruling, and thus, counsel should not have advised her to plead guilty. It is her belief that counsel simply did not recognize the legal implications of pleading guilty. She asks that we vacate her conviction and allow her to withdraw her guilty plea based on counsel's ineffectiveness.

Our review of an ineffective-assistance claim is de novo. *State v. Tompkins*, 859 N.W.2d 631, 636 (Iowa 2015). To prove a claim of ineffective assistance of counsel, Lienau must prove counsel failed to perform an essential duty and this failure resulted in prejudice. *See id.* at 637. Such claims can be resolved on either prong. *Id.* In addition, we will not hold counsel ineffective if the action the defendant claims counsel should have taken would have been meritless. *Id.* In light of the supreme court's ruling in *State v. Shipley*, 757 N.W.2d 228, 234, 238 (Iowa 2008) (concluding neither the hearsay rules nor the Confrontation Clause prevented the admission of a certified driving record), we conclude any appellate challenge to the district court's evidentiary ruling in this case would have been meritless. *See also State v. Kennedy*, 846 N.W.2d 517, 525 (Iowa 2014) ("[T]he certified abstract of [defendant's] driving record . . . is not

testimonial and the admission of these two pages did not violate the Confrontation Clauses of the United States or Iowa Constitutions."). Thus, counsel was not ineffective in advising Lienau to plead guilty.

**AFFIRMED.**